Filed 8/7/26  Valle v. Kaiser Foundation Health Plan Inc. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RICHARD R. VALLE, | |
| Plaintiff and Appellant, | E084887 |
| v. | (Super.Ct.No. CVRI2305751) |
| KAISER FOUNDATION HEALTH PLAN, INC., et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Eric A. Keen, Judge. Affirmed.

Richard V. Valle, in pro. per., for Plaintiff and Appellant.

Cole Pedroza, Kenneth R. Pedroza, Amy Elizabeth Rankin; Wood Smith Henning & Berman and Scott Blakeley for Defendants and Respondents.

In arbitration, plaintiff and appellant Richard R. Valle (Valle) brought a medical malpractice claim against defendants and respondents Kaiser Foundation Health Plan, Kaiser Foundation Hospitals, and Southern California Permanente Medical Group, Inc.

1

(collectively, Kaiser).  Following a four-day evidentiary hearing on the merits, the arbitrator decided the claim in favor of Kaiser and awarded Kaiser $27,135 in expert witness costs.  Valle petitioned the trial court to vacate the arbitrator's decision (Code Civ. Proc., § 1286.2)[1], while Kaiser petitioned the trial court to confirm the arbitrator's decision.  The trial court denied Valle's petition and entered a judgment confirming the arbitrator's decision.[2]  Valle contends the trial court erred.  We affirm.

## FACTS

After hearing the parties' evidence, the arbitrator found that Valle suffered from skin conditions, but his skin conditions were not caused by Kaiser's alleged medical malpractice of injecting Valle with a medication to which Valle alleges he is allergic.

In Valle's first amended petition to vacate the arbitrator's decision, he asserted the arbitrator failed to admit all the available evidence and that the arbitrator's written decision included a misleading rendition of the facts.  In an unsigned and unsworn statement included with Valle's first amended petition, he explained that Kaiser's alleged medical malpractice affected his ability to work and caused ongoing health problems.

---

[1] All subsequent statutory references are to the Code of Civil Procedure.

[2] The trial court denied Valle's petition on July 12, 2024.  The trial court's judgment confirming the arbitrator's decision was filed on August 12, 2024.  On Valle's notice of appeal, it is written that he is appealing from a judgment entered on September 10, 2024.  Valle's notice of appeal is signed by Scott Bearden, who is the person who served the notice of appeal.  When this court ordered Valle to file a copy of the September 10, 2024, judgment, Valle filed a copy of the August 12, 2024 judgment. We infer that Valle is appealing from the judgment entered on August 12, 2024.  (Cal. Rules of Court, rule 8.100(a)(2) [notices of appeal are liberally construed].)

2

In the trial court's decision on the motion to vacate, it notes that Valle included a declaration in support of his petition; we do not have a copy of that declaration in the record on appeal. The trial court's decision reflects that, in the declaration, Valle declared that Loma Linda doctors told him the doctors at Kaiser should have tested Valle for drug allergies earlier in their treatment of him. The trial court denied Valle's petition because it concluded that Valle failed to meet his burden of proving a basis for vacating the arbitrator's decision, i.e., misconduct by the arbitrator (§ 1286.2, subd. (a)(3)).

## DISCUSSION

Valle raises multiple alleged errors. First, Valle contends, "The court entered summary judgment on November 24, 2024, based solely on the service timeline issue." Contrary to Valle's assertion, the trial court did not enter summary judgment. (§ 473c.) Additionally, there is no entry in the register of actions for November 24, 2024.

Second, Valle asserts that the reasons for the trial court's denial of his petition "were confined to procedural technicalities and timeliness." Valle is mistaken. The trial court denied his petition because Valle failed to meet his burden of proving the allegations in his petition, i.e., evidence of misconduct by the arbitrator (§ 1286.2, subd. (a)(3)).

Third, Valle asserts, "The record demonstrates the hearing [in the trial court] was narrowly focused on timeliness and related technical issues." The record does not include a reporter's transcript, so we have no basis for knowing what was discussed during the hearing in the trial court. In Kaiser's written opposition to Valle's petition,

3

Kaiser argued that Valle's petition was untimely. The trial court's ruling expressly reflects that Kaiser's timeliness argument was not the basis for the trial court denying Valle's petition. Accordingly, any issues regarding timeliness were decided in Valle's favor.

Fourth, Valle asserts, "The trial court relied on a declaration asserting April 8 service contradicting the February 15 proof of service. (CT [provide page:line].)" The trial court wrote, "On April 8, 2024, [Valle] filed a First Amended Petition correcting the names of [Kaiser] after dismissing the arbitrator from this action." In its ruling, the trial court wrote, "[T]he court will not deny the petition on the grounds it was untimely served." It is unclear why Valle is asserting the trial court erred in regard to the timeliness issue when that issue was decided in Valle's favor.

Fifth, Valle asserts Kaiser filed its respondent's brief in this court one day past the deadline. Valle moves this court to strike the respondent's brief or disregard Kaiser's arguments. (Cal. Rules of Court, rule 8.220(a)(2).) We deny the motion. Nevertheless, if we were to grant the motion, our opinion would be unchanged as Valle failed to meet his burden of demonstrating error. (*Baker v. Smith-Booth-Usher Co.* (1919) 180 Cal. 309, 311 ["The burden is upon appellant to show prejudicial error"].)

Sixth, Valle contends, "[Kaiser] include[d] arbitration documents that were not presented in the Superior Court." Valle does not identify the documents at issue. Because we do not know to what documents Valle is referring, we are unable to address this issue. Accordingly, the contention is forfeited. (*Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384 [" 'It is the duty

4

of [appellant] to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal.  [Citation.]  If no citation "is furnished on a particular point, the court may treat it as waived" ' "].)

## DISPOSITION

The judgment is affirmed.  Respondents are awarded their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

FIELDS
J.

5